USDC SCAN INDEX SHEET

















TKL    6/21/06    8:34
3:03-CV-02223   HARRIS V. ADERS
*7*
*NTCCSDISM.*

Thomas W. McNamara (SBN 127280)
LaBella & McNamara, LLP
401 West "A" Street, Suite 1150
San Diego, California 92101
Telephone: (619) 696-9200
Facsimile: (619) 696-9269
E-mail: tmcnamara@labellamcnamara.com

Attorneys for Richard M Kipperman,
Chapter 7 Trustee for SureBeam Corporation

FILED

06 JUN 15 PM 4: 07

DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON REED, derivatively on behalf of SUREBEAM CORPORATION,<br><br>    Plaintiff,<br>v.<br><br>LAWRENCE A. OBERKFELL, DAVID A. RANE, JOHN C. ARME, MICHAEL J. LICATA, WILLIAM C. HALE, ROBERT O. ADERS, SUSAN GOLDING, GENE W. RAY, DONALD SEGAL, DENNIS G. OLSON, GARY J. LODA, THOMAS ALLEN, KEVIN K. CLAUDIO, JACK A HENRY, TITAN CORPORATION, SUREBEAM CORPORATION, and DOES 1-25,<br><br>    Defendants. | Consolidated Case No.: 03CV2572-J (Consolidated with 03-CV-2223 and 03-CV-2294)<br><br>**NOTICE OF VOLUNTARY DISMISSAL OF DERIVATIVE ACTIONS**<br><br>Judge: Hon. Jeffrey T. Miller |

On January 19, 2004, SureBeam Corporation and its wholly owned subsidiary, SB Operating Co., LLC (collectively "SureBeam"), filed Chapter 7 bankruptcy cases in the United States Bankruptcy Court for the Southern District of California ("Bankruptcy Court"), Case Numbers 04-00421 and 04-00422 ("Bankruptcy Cases"). Richard M Kipperman was appointed and accepted appointment as the trustee in the Bankruptcy Cases.

ENTERED ON

1

1    Before SureBeam filed the Bankruptcy Cases, plaintiffs Thomas Harris,

2    Richard Ruckstuhl and Gordon Reed, who alleged they were stockholders acting on

3    behalf of SureBeam, filed derivative actions in the United States District Court for the

4    Southern District of California ("USDC-SD"), Case Numbers 03-CV-2223JH, 03-CV-

5    2294BTM and 03-CV-2572J, respectively.

6    The USDC-SD January 6, 2004 minutes state that the Hon. Jeffrey T. Miller

7    consolidated all SureBeam cases filed and any subsequent filings, and the

8    consolidated case number is 03-CV-2572-JM (POR).  A copy of the order is

9    attached to this notice as Exhibit 1.

10    When SureBeam filed for bankruptcy protection, the trustee succeeded to and

11    became the real party in interest to Case Numbers 03-CV-2223, 03-CV-2294 and

12    03-CV-2572 because all claims that were asserted or could be asserted in these

13    derivative actions belonged to SureBeam in the first instance and are, as a matter of

14    law, the property of SureBeam's bankruptcy estate and thus controlled by the

15    trustee.  *See, e.g., Griffin v. Bonapfel (In re All American, Ashburn, Inc.),* 805 F.2d

16    1515, 1518 (11th Cir. 1986); *In re Gainsville Ventures, Ltd.,* 159 Bankr., 810, 811

17    (Bankr. S.D. Ohio 1993). [1]

18    No answers or motions for summary judgment were filed in the federal

19    derivative actions.

20    On June 2, 2006, the Bankruptcy Court granted the trustee's motion to

21    approve a compromise of all derivative and related claims, based on a settlement

22    agreement and mutual release of claims between the trustee and the individual

23    defendants ("Agreement") executed in March 2006.  A copy of the Bankruptcy Court

24    

25    [1]    The trustee also became the real party in interest in derivative actions filed in the
state court (San Diego Superior Court ["SDSC"] Case Numbers GIC 817618, GIC 819502 and GIC
817150).  The trustee later filed an action in the SDSC against the former officers and directors of
26    SureBeam and The Titan Company (SDSC Case Number GIC 835876), and caused the state
derivative actions and the trustee's action to be consolidated in the action styled: In re Consolidated
27    SureBeam Corporation Directors and Officers Liability Litigation, SDSC Case Number GIC 835876.
Pursuant to Exhibit 2 attached to this notice and Exhibit A attached to it, the trustee is also dismissing
28    the state court consolidated actions with prejudice.

1    order with the Agreement attached as Exhibit "A" is attached to this notice as Exhibit

2    2.

3           Included in the terms of the Agreement is the requirement that the trustee

4    dismiss Case Numbers 03-CV-2223, 03-CV-2294 and 03-CV-2572 with prejudice

5    within five days of receipt of the settlement funds stated in the Agreement. Ex. A to

6    Ex. 2, ¶ 1.4.[2]

7           The Bankruptcy Court order provides, among other things, that "The parties to

8    the Derivative Settlement and their respective agents . . . are authorized to . . . take

9    any and all acts necessary to consummate and carry out the transactions described

10   in the [Agreement] . . . without need for any further Court order . . . ." Ex. 2 at p. 2,

11   item 3 of Order.

12          The trustee has received the settlement funds.

13          ACCORDINGLY, NOTICE IS HEREBY GIVEN that pursuant to Federal Rule

14   of Civil Procedure 41(a), Case Numbers 03-CV-2223 (Harris v. Arme, et al.), 03-CV-

15   2294 (Ruckstuhl v. Oberkfell, et al.) and 03-CV-2572 (Reed v. Oberkfell, et al.) are

16   voluntarily dismissed with prejudice.  This dismissal is not applicable to any other

17   actions that may have been consolidated under Case Number 03-CV-2572.

18   Dated:  June 13, 2006              LaBella & McNamara, LLP

19

20                              By _____

21                                  Thomas W. McNamara
                                    Attorneys for Richard M Kipperman,
22                                  Chapter 7 Trustee for
                                    SureBeam Corporation

23

24

25

26   _____

27   [2]      See ¶ 9 at pp. 3-4 of Ex. A to Ex. 2 for the definition of "Kipperman Actions,"
     specifically providing that the trustee is to dismiss Case Numbers 03-CV-2223, 03-CV-2294 and 03-
28   CV-2572 with prejudice.

**MINUTES OF THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| Gordon Reed | vs | Lawrence Oberkfell; Surebeam Corp | No. | 03cv2572-J (LSP) |
|---|---|---|---|---|
| Hon. | N/A | Deputy Clerk | N/A | |

Pursuant to an Order by Judge Jeffrey T Miller filed on 10/7/03 consolidating all Surebeam Corp cases filed and any subsequent filings, this case is assigned to the Jeffrey T Miller and referred to Magistrate Judge Louisa S Porter.

Assigned to:   Jeffrey T Miller and Referred to Louisa S Porter

New Case #:   03cv2572-JM (POR)

Date:   January 6, 2004        Deputy:   C. Gobbi

CSD 1001A (11/15/04)
Name, Address, Telephone No. & I.D. No.

MARTIN A. ELIOPULOS, ESQ.
HIGGS, FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA  92101
Phone: (619)236-1551
Fax:    (619)696-1410

Order Entered on
June 02, 2006
by Clerk, U.S. Bankruptcy Court
Southern District of California

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

SUREBEAM CORPORATION, and
SBOPERATINGCO, LLC

                                          Debtor.

BANKRUPTCY NO. 04-00421 and 04-00422

Date of Hearing: 6/1/2006
Time of Hearing: 10:30 a.m.
Name of Judge: Hon. Louise DeCarl Adler

## ORDER ON
## TRUSTEE'S MOTION TO APPROVE COMPROMISE OF DERIVATIVE AND RELATED CLAIMS

        IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through __46__ with exhibits, if any, for a total of __47__ pages, is granted. Motion/Application Docket Entry No. __659__

//

//

//

//

//

//

DATED:

     June 02, 2006

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Submitted by:

HIGGS, FLETCHER & MACK LLP
(Firm name)

By: MARTIN A. ELIOPULOS
     Attorney for ☑ Movant ☐ Respondent

Judge, United States Bankruptcy Court

CSD 1001A

CSD 1001A [11/15/04] (Page 2)
ORDER ON TRUSTEE'S MOTION TO APPROVE COMPROMISE OF DERIVATIVE AND RELATED
DEBTOR: SUREBEAM CORPORATION, and                                                    CASE NO: 04-00421 and 04-00422
          SBOPERATINGCO, LLC

Regarding the motion (the "Motion") of the Chapter 7 Trustee, RICHARD M KIPPERMAN ("Trustee") for an order approving the compromise of certain derivative and related claims (the "Derivative Settlement"), the Court makes the following findings of fact and conclusions of law:

A. This Court has jurisdiction over these cases pursuant to 28 U.S.C. § 1334(a). The statutory predicate for the relief requested is 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 9019.

B. Notice of the Motion and hearing, provided as set forth below, were sufficient under the circumstances:

   (i) The Trustee served the entire Motion and all supporting pleadings on the Debtor, office of the United States Trustee, the twenty largest unsecured creditors, Titan and those parties requesting special notice;

   (ii) The Trustee served only the Bankruptcy Court approved long version of the Notice of the Motion combined with the Motion on those creditors and/or parties in interest appearing on the Bankruptcy Court approved "Additional Notice List";

   (iii) The Trustee served only the Bankruptcy Court approved short version of the Notice of the Motion combined with the Motion on all other creditors and parties in interest.

C. The Derivative Settlement dated March 31, 2006, a true and correct copy of which is attached hereto as Exhibit "A", and incorporated herein by reference, is fair and equitable and in the best interests of the bankruptcy estates.

D. The Derivative Settlement is the by-product of lengthy arms length negotiations between the parties to that agreement.

E. In entering into the Derivative Settlement, the Trustee acted in good faith and properly exercised and discharged his sound business judgment and discretion.

F. Nothing in the Derivative Settlement affects, alters, modifies or in any way changes the rights, interests, claims and/or obligations of L-3 Communications (as defined in the Derivative Settlement) or Titan (as defined in the Derivative Settlement), as acquiror or successor in interest to The Titan Corporation, or the Trustee, SureBeam or the Bankruptcy Estates, pursuant to that certain Settlement Agreement dated as of March 4, 2004 between The Titan Corporation and Richard M Kipperman, in his capacity as the Chapter 7 Trustee for SureBeam.

THE COURT FURTHER ORDERS AS FOLLOWS:

1. The Motion is granted.

2. The Derivative Settlement is approved.

3. The parties to the Derivative Settlement and their respective agents shall be and hereby are authorized to execute any such document and to take any and all acts necessary to consummate and carry out the transactions described in the Motion and/or the Derivative Settlement, subject to any limitations or modifications contained herein, without need for any further Court order and to undertake the obligations or other matters imposed, required or provided for therein.

4. The Derivative Settlement constitutes the legal, valid and binding agreement and obligation of the parties to that agreement, enforceable against each party in accordance with its terms.

5. The parties to the Derivative Settlement shall abide by the terms of that agreement, and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, and each of them, shall likewise abide by the terms of that agreement.

6. This Court shall retain jurisdiction over the parties to the Derivative Settlement and all other interested parties for the purpose of implementing and enforcing the terms of the Derivative Settlement and any dispute arising out of it.

CSD 1001A

*Signed by Judge Louise DeCarl Adler June 02, 2006*

EXHIBIT "A"

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release of Claims (the "Agreement"), dated March ___, 2006, is made and entered into by and among the Trustee (as defined herein), the Settling Defendants (as defined herein), L-3 Communications (as defined herein), Titan (as defined herein) and the Preference Parties (as defined herein) (collectively the "Parties" and each separately a "Party").

This Agreement is intended by the Parties to settle the *Kipperman* Actions and fully, finally and forever release, discharge and settle the (1) Trustee Released Claims Against Settling Defendants and Non-Party Directors and Officers, (2) Settling Defendants Released Claims Against Trustee, (3) Trustee Released Claims Against L-3, (4) L-3 Released Claims Against Trustee, (5) Trustee Released Claims Against Preference Parties and (6) Preference Parties Released Claims Against Trustee, upon and subject to the terms and conditions hereof.

### DEFINITIONS

As used in this Agreement, the following terms have the meanings specified below:

1.    **"Bankruptcy Cases"** means the SureBeam Case and the SBOperating Case, collectively.

2.    **"Bankruptcy Code"** means Chapter 7 of Title 11 of the United States Code.

3.    **"Bankruptcy Court"** means the Bankruptcy Court for the Southern District of California.

4.    **"Bankruptcy Estates"** means the SureBeam Corporation bankruptcy estate and the SB Operating Co., LLC bankruptcy estate.

1

5.      "**Bankruptcy Indemnification Claims**" means the following claims for indemnification asserted by Settling Defendants in the SureBeam Case:

| Settling Defendant | Claim Number |
| --- | --- |
| Aders | 236 |
| Allen | 237 |
| Arme | 238 |
| Hale | 241 |
| Henry | 242 |
| Licata | 243 |
| Loda | 244 |
| Olson | 246 |
| Roth | 249 |
| Segal | 250 |

6.      "**Effective Date**" means that day by which all of the following events have occurred:

(a)      entry by the Bankruptcy Court of an Order approving this Settlement Agreement, which includes dismissal with prejudice of the claims asserted against Settling Defendant Arme in the Bankruptcy Court;

(b)      Titan's payment, on behalf of the Settling Defendants, to Richard M Kipperman, as Trustee of the Bankruptcy Estates, the sum of $5,000,000 (five million dollars), through certified check or wire transfer in good funds; and

(c)      the Trustee's dismissal of the *Kipperman* Actions with prejudice as to all of the Settling Defendants.

2

7.     "**Federal Court**" means the United States District Court for the Southern District of California.

8.     "**Federal Derivative Actions**" means the following derivative actions filed in the Federal Court by individuals who alleged that they were stockholders acting on behalf of SureBeam Corporation:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Harris v. Aders, et al.* | 03-CV-02223JH (POR) | 11/12/2003 |
| *Reed v. Oberkfell, et al.* | 03-CV-02572J (LSP) | 12/24/2003 |
| *Ruckstuhl v. Oberkfell, et al.* | 03-CV-02294BTM (POR) | 11/20/2003 |

9.     "***Kipperman*** Actions" means the following lawsuits filed in the State Court, the Federal Court and the Bankruptcy Court and any and all lawsuits that have been, or in the future may be, filed on behalf of SureBeam against the Settling Defendants or the Non-Party Directors and Officers:

**State Court**

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Zach v. Oberkfell, et al.* | GIC 817618 | 9/11/2003 |
| *Osorio v. Oberkfell, et al.* | GIC 819502 | 10/15/2003 |
| *Haubein v. Oberkfell, et al.* | GIC 817150 | 11/10/2003 |
| *Kipperman v. Ray, et al.* | GIC 835876 | 9/17/2004 |
| *In re: Consolidated SureBeam Corporation Directors and Officers Liability Litigation* | Related & Consolidated GIC 817618, GIC 819502, GIC 817150, GIC 835876 | 10/4/2005 |

3

### Bankruptcy Court

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Kipperman v. Arme* | Adversary Proceeding No. 05-90123 | 3/23/05 |

### Federal Court

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Harris v. Aders, et al.* | 03-CV-02223JH (POR) | 11/12/2003 |
| *Reed v. Oberkfell, et al.* | 03-CV-02572J (LSP) | 12/24/2003 |
| *Ruckstuhl v. Oberkfell, et al.* | 03-CV-02294BTM (POR) | 11/20/2003 |

10.     "L-3 Communications" means L-3 Communications Corporation, a Delaware Corporation.

11.     "L-3 Released Claims Against Trustee" means any and all claims, debts, demands, rights, liabilities, obligations, promises, acts, agreements, damages, actions and causes of action of every nature and description whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, whether or not concealed or hidden, both in law and in equity, in contract, tort or otherwise, that L-3 Communications may now have or ever may have had or may have in the future against the Trustee, SureBeam or the Bankruptcy Estates, including but not limited to those arising from L-3 Communications' status as acquiror or successor in interest to The Titan Corporation; provided, however, the L-3 Released Claims Against Trustee do not include (a) any rights, interests or claims L-3 Communications or Titan, as acquiror or successor in interest to The Titan Corporation, has pursuant to that certain Settlement Agreement dated as of March 4, 2004 between The Titan Corporation and Richard M Kipperman, in his capacity as

4

the Chapter 7 Trustee for SureBeam; (b) any and all rights, interests and claims L-3

Communications may have with respect to or against any and all persons or entities other than

the Trustee, SureBeam or the Bankruptcy Estates (including without limitation insurance

companies or other issuers of insurance policies); and (c) any and all covenants, conditions,

rights and interests of L-3 Communications set forth in this Agreement.

      12.      **"Olson General Unsecured Claim"** means claim number 196 filed in the

SureBeam Case which constitutes the general unsecured claim asserted by Olson against the

Trustee in the SureBeam Case in an amount not to exceed $145,502.02.

      13.      **"Non-Party Directors and Officers"** means any and all current or former

directors and/or officers of SureBeam, or of any of SureBeam's successors or predecessors, who

are not named as defendants in the *Kipperman* Actions.

      14.      **"Preference Parties"** means DLA Piper Rudnick Gray Cary US LLP, Gray

Cary Ware & Freidenrich LLP, attorneys for certain of the Settling Defendants, and SureBeam's

former attorneys, Luce Forward Hamilton & Scripps LLP, in their capacities as attorneys for the

Settling parties or as former attorneys for SureBeam, respectively.

      15.      **"Preference Parties Released Claims Against Trustee"** means any and all

claims, debts, demands, rights, liabilities, obligations, promises, acts, agreements, damages,

actions and causes of action of every nature and description whatsoever, known or unknown,

suspected or unsuspected, fixed or contingent, whether or not concealed or hidden, both in law

and in equity, in contract, tort or otherwise, that the Preference Parties may now have or ever

may have had or may have in the future against the Bankruptcy Estates and Richard M

Kipperman solely in his capacity as Chapter 7 trustee in the Bankruptcy Cases, provided,

5

however, that the Preference Parties Released Claims Against Trustee do not include any and all covenants, conditions, rights, and interests of the Preference Parties set forth in this Agreement.

16.    **"Rane Priority and Unsecured Claims"** means claim number 132 filed in the SureBeam case which constitutes the priority claim asserted by Rane in an amount not to exceed $4,650.00 and the general unsecured claim asserted by Rane in an amount not to exceed $92,464.16. Rane Priority and Unsecured Claims specifically excludes claim number 74 filed in the SBOperating case which is a duplicate of claim 132 and which was previously disallowed by the Bankruptcy Court.

17.    **"Securities Litigation Indemnification Claims"** means the following specific claims for indemnification asserted by following the Settling Defendants in the SureBeam Case and further specifically limited to the claims for indemnification arising solely in connection with the securities class action entitled *In re SureBeam Corporation Securities Litigation*, U.S. District Court Case No. 03-CV-01721JM (POR) or any previously filed securities actions that have been consolidated into *In re SureBeam Corporation Securities Litigation*:

| Settling Defendant | Claim Number |
|---|---|
| Oberkfell | 245 |
| Claudio | 240 |
| Golding | 239 |
| Ray | 247 |
| Rane | 248 |

18.    **"Settling Defendants"** means Robert O. Aders, J. Thomas Allen, John C. Arne, Kevin K. Claudio, Nicholas Costanza, Eric DeMarco, Susan Golding, William C. Hale, Jack A. Henry, Michael J. Licata, Lawrence A. Oberkfell, Dennis G. Olson, David A. Rane,

6

*Signed by Judge Louise DeCarl Adler June 02,2006*

Gene W. Ray, James Roth, Donald Segal and Gary Loda, deceased (whether through his personal representative, executor, administrator, estate, trustee, or otherwise).

19.      **"Settling Defendants Released Claims Against Trustee"** means any and all claims, debts, demands, rights, liabilities, obligations, promises, acts, agreements, damages, actions and causes of action of every nature and description whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, whether or not concealed or hidden, both in law and in equity, in contract, tort or otherwise, that the Settling Defendants may now have or ever may have had or may have in the future against the Trustee, SureBeam or the Bankruptcy Estates; provided, however, that the Settling Defendants Released Claims Against Trustee do not include (a) any and all rights, interests and claims the Settling Defendants may have with respect to or against any and all persons or entities other than the Trustee, SureBeam or the Bankruptcy Estates (including but not limited to other indemnifiers, such as Titan, insurance companies or other issuers of insurance policies); (b) the Olson General Unsecured Claim; (c) the Rane Priority and Unsecured Claims; (d) the Securities Litigation Indemnification Claims; (e) any and all covenants, conditions, rights, and interests of the Settling Defendants set forth in this Agreement; and (f) any and all claims for indemnity Settling Defendants may have against the Trustee, SureBeam or the Bankruptcy Estates except the following claims for indemnification that are hereby released and/or waived: (i) claims for indemnification arising from the *Kipperman* Actions, and (ii) the Bankruptcy Indemnification Claims.

20.      "Settlement Motion" means a Notice of Motion and Motion to Approve Settlement Agreement and Mutual Release of Claims with the Bankruptcy Court pursuant to Federal Rules of Bankruptcy Procedure rule 9019, seeking approval of this Agreement.

7

*Signed by Judge Louise DeCarl Adler June 02,2006*

21.     "**State Court**" means the Superior Court of California, County of San Diego.

22.     "**State Derivative Actions**" means the following derivative actions filed in the State Court by individuals who alleged that they were stockholders acting on behalf of SureBeam Corporation:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Zach v. Oberkfell, et al.* | GIC 817618 | 9/11/2003 |
| *Osorio v. Oberkfell, et al.* | GIC 819502 | 10/15/2003 |
| *Haubein v. Oberkfell, et al.* | GIC 817150 | 11/10/2003 |

23.     "**SureBeam**" means the SureBeam Corporation and its wholly owned subsidiary SB Operating Co., LLC.

24.     "**SureBeam Case**" means the voluntary petition for relief under the Bankruptcy Code filed by SureBeam Corporation, which case is pending before the Bankruptcy Court as Case No. 04-00421-LA.

25.     "**SBOperating Case**" means the voluntary petition for relief under the Bankruptcy Code filed by SB Operating Co., LLC, which case is pending before the Bankruptcy Court as Case No. 04-00422-LA.

26.     "**Titan**" means L-3 Communications Titan Corporation, a Delaware Corporation and wholly owned subsidiary of L-3 Communications and previously known as The Titan Corporation.

27.     "**Trustee**" means Richard M Kipperman, solely in his capacity as the Chapter 7 trustee for the Bankruptcy Estates, and on behalf of SureBeam and the Bankruptcy Estates, and all attorneys for Kipperman in his capacity as the Chapter 7 trustee for the Bankruptcy Estates, including but not limited to Higgs, Fletcher & Mack LLP and La Bella & McNamara LLP.

8

28.     **"Trustee Released Claims Against Settling Defendants and Non-Party Directors and Officers"** means any and all claims debts, demands, rights, liabilities, obligations, promises, acts, agreements, damages, actions and causes of action of every nature and description whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, whether or not concealed or hidden, both in law and in equity, in contract, tort or otherwise, that the Trustee, SureBeam or the Bankruptcy Estates may now have or ever may have had or may have in the future against the Settling Defendants or Non-Party Directors and Officers, including but not limited to those asserted or that might have been asserted by the Trustee, SureBeam or the Bankruptcy Estates in the *Kipperman* Actions and preference claims asserted against Settling Defendant John Arme (Richard M Kipperman, Chapter 7 Trustee v. John C. Arme, Adversary Proceeding No. 05-90123); provided, however, the Trustee Released Claims Against Settling Defendants and Non-Party Directors and Officers do not include any and all covenants, conditions, rights, and interests of the Trustee set forth in this Agreement.

29.     **"Trustee Released Claims Against L-3"** means any and all claims, debts, demands, rights, liabilities, obligations, promises, acts, agreements, damages, actions and causes of action of every nature and description whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, whether or not concealed or hidden, both in law and in equity, in contract, tort or otherwise, that the Trustee, SureBeam or the Bankruptcy Estates may now have or ever may have had or may have in the future against L-3 Communications or Titan, including but not limited to all matters relating to, or arising from, SureBeam or from L-3 Communications' status as acquiror or successor in interest to The Titan Corporation or otherwise.

9

30.     "Trustee Released Claims Against Preference Parties" means any and all claims debts, demands, rights, liabilities, obligations, promises, acts, agreements, damages, actions and causes of action of every nature and description whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, whether or not concealed or hidden, both in law and in equity, in contract, tort or otherwise, that the Trustee, SureBeam or the Bankruptcy Estates may now have or ever may have had or may have in the future against the Preference Parties, including but not limited to those preference claims asserted or that might have been asserted by the Trustee, SureBeam or the Bankruptcy Estates against the Preference Parties; provided, however, the Trustee Released Claims Against Preference Parties do not include any and all covenants, conditions, rights, and interests of the Trustee set forth in this Agreement.

31.     "Underwriters" means SureBeam's former underwriters Merrill Lynch, Pierce, Fenner & Smith, Inc.; Merrill Lynch & Co., Inc.; Wachovia Capital Markets, LLC; AG Edwards & Sons, Inc.; and Credit Suisse First Boston, LLC.

32.     "Underwriter Indemnification Claims" means the following claims filed by the Underwriters in the SureBeam Case arising out of indemnification agreements the Underwriters had with SureBeam and Titan:

| Underwriter | Claim Number |
|---|---|
| Merrill Lynch, Pierce, Fenner & Smith, Inc. | 264 |
| Merrill Lynch & Co., Inc. | 263 |
| Wachovia Capital Markets, LLC | 267 |
| AG Edwards & Sons, Inc. | 265 |
| Credit Suisse First Boston, LLC | 266 |

10

## BACKGROUND

This Agreement is made with respect to the following facts:

**SureBeam's Bankruptcy.**

A.      On January 19, 2004, SureBeam Corporation and its wholly owned subsidiary, SB Operating Co., LLC, filed the Bankruptcy Cases. The Trustee has been appointed and has accepted his appointment as Chapter 7 trustee in the Bankruptcy Cases.

**The Derivative Actions.**

B.      Prior to SureBeam Corporation and SB Operating Co., LLC's filing of the Bankruptcy Cases, individuals who alleged that they were stockholders acting on behalf of SureBeam Corporation filed the State Derivative Actions and the Federal Derivative Actions. Upon SureBeam Corporation's filing for bankruptcy protection, the Trustee succeeded to and became the real party in interest to the State Derivative Actions and the Federal Derivative Actions. All claims that were asserted or could be asserted in the State Derivative Actions and Federal Derivative Actions belonged to SureBeam Corporation in the first instance and, therefore, as a matter of law, were property of the SureBeam Corporation bankruptcy estate and controlled by the Trustee. *See, e.g., Griffin v. Bonapfel (In re All American, Ashburn, Inc.)*, 805 F.2d 1515, 1518 (11th Cir. 1986); *In re Gainsville Ventures, Ltd.*, 159 B.R. 810, 811 (Bkrtcy.S.D.Ohio 1993).

C.      On September 17, 2004, the Trustee filed a lawsuit in the State Court with the abbreviated caption, *Kipperman v. Ray, et al*, Case No. CIC 835876. For the reasons set forth in paragraph B above, on September 15, 2005, the State Court entered an order relating and consolidating *Kipperman v. Ray, et al.*, Case No, GIC 835876 with the State Derivative Actions. The related and consolidated case is captioned *In re: Consolidated SureBeam Corporation*

11

*Directors and Officers Liability Litigation,* Related and Consolidated Case Nos. GIC 817150,

817618, 819502 and 835876 and asserts causes of action against (i) Settling Defendants Allen,

Arme, Claudio, Costanza, DeMarco, Golding, Licata, Loda, Oberkfell, Rane, Ray, Roth and

Segal for breach of fiduciary duty, gross mismanagement, abuse of corporate control, waste of

corporate assets and unjust enrichment, (ii) Settling Defendants Costanza, DeMarco, Golding,

Ray and Roth for breach of the fiduciary duty of loyalty and (iii) Settling Defendants Allen,

Claudio, Costanza, DeMarco, Golding, Loda, Ray and Roth for violations of California

Corporations Code §§ 25402 and 25502.5 and breach of fiduciary duty for insider trading. It is

currently pending in the State Court.

   D.  The Federal Derivative Actions currently are pending in the Federal Court.

   **The Trustee's Alleged Preference Claims.**

   E.  On March 23, 2005, the Trustee filed in the Bankruptcy Court, the lawsuit

captioned *Richard M. Kipperman, Chapter 7 Trustee v. John C. Arme,* as Adversary Proceeding

No. 05-90123, in which the Trustee seeks to recover from Settling Defendant Arme certain

alleged preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. Without filing a complaint,

the Trustee has made or may make similar claims to recover alleged preferential transfers from

the Preference Parties.

   **The Mediation.**

   F.  On September 29, 2005, the Trustee and the Settling Defendants participated in a

mediation before the Honorable Daniel Weinstein, Superior Court Judge (Ret.), a member of

Judicial Arbitration and Mediation Services. Prior to the mediation, the Trustee and Settling

Defendants submitted mediation briefs to Judge Weinstein, which he reviewed. During the

mediation, Judge Weinstein met with the parties separately at times and at times together, and

heard arguments on numerous issues of fact and law, after which he recommended to both sides that a settlement amount of $5,000,000 was fair to both the Trustee and the Settling Defendants. Over the course of the weeks following the mediation, the Parties accepted Judge Weinstein's recommendation and negotiated the terms of this Agreement.

**The Settling Defendants' Denial of Any Wrongdoing.**

G.      The Settling Defendants have denied and continue to deny each and all of the causes of action, claims and contentions alleged against them in the *Kipperman* Actions. The Settling Defendants have denied and continue to deny all allegations of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions that were alleged, or that could have been alleged, in the *Kipperman* Actions. The Settling Defendants also have denied and continue to deny, <u>inter alia</u>, allegations that the Trustee, SureBeam, the Bankruptcy Estates, SureBeam's creditors or SureBeam's stockholders have suffered damage, or that the price of SureBeam's securities was artificially inflated by reason of alleged misrepresentations, non-disclosures or otherwise, or that the Trustee, SureBeam, the Bankruptcy Estates, SureBeam's creditors or SureBeam's stockholders were harmed by the conduct of the Settling Defendants. The Settling Defendants have further asserted numerous defenses to the *Kipperman* Actions, including that at all relevant times, they acted in good faith and in a manner they reasonably believed to be in the best interests of SureBeam, SureBeam's stockholders and SureBeam's creditors.

**Benefits of the Settlement.**

H.      The Trustee recognizes and acknowledges the expense and length of continued proceedings necessary to litigate the *Kipperman* Actions against the Settling Defendants through trial and through appeals. The Trustee has taken into account the uncertain outcome and the risk

of any litigation, especially in complex actions such as the *Kipperman* Actions, as well as the difficulties and delays inherent in such litigation. The Trustee also is mindful of the possible defenses to the causes of action asserted against the Settling Defendants in the *Kipperman* Actions. The Trustee has determined that as a part of this Settlement Agreement, it is beneficial to release all claims against the Non-Party Directors and Officers in addition to those against the Settling Defendants. The Trustee represents and warrants that he is satisfied that this Agreement constitutes reasonably equivalent value for settlement of the *Kipperman* Actions and the Trustee Released Claims Against Settling Defendants and Non-Party Directors and Officers, the Trustee Released Claims Against L-3 and the Trustee Released Claims Against Preference Parties.

  I.  The Settling Defendants also have concluded that further litigation of the *Kipperman* Actions and the claims against the Settling Defendants would be protracted and expensive, and that it is desirable and beneficial to them that those claims be fully and finally settled in the manner and upon the terms and conditions set forth in this Agreement. The Settling Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the *Kipperman* Actions.

  **NOW, THEREFORE**, in consideration of the foregoing, of the mutual covenants and conditions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby agreed by the Parties, subject to the approval of the Bankruptcy Court, the payment of the Settlement Amount in good funds, and the dismissal with prejudice of the *Kipperman* Actions, that the Trustee Released Claims Against Settling Defendants and Non-Party Directors and Officers, the Settling Defendants Released Claims Against Trustee, the Trustee Released Claims Against L-3, the L-3 Released Claims Against Trustee, the Trustee Released Claims Against Preference Parties and the Preference

14

Parties Released Claims Against Trustee shall be finally and fully compromised, settled and released, and the *Kipperman* Actions shall be dismissed with prejudice as to all Settling Defendants, upon and subject to the terms and conditions of this Agreement, as follows:

1. **Bankruptcy Court Approval, Payment of Settlement Amount, and Dismissal of *Kipperman* Actions with Prejudice.**

    1.1    <u>Bankruptcy Court Approval and Dismissal of *Kipperman* Actions</u>. This Agreement is subject to and contingent upon approval by the Bankruptcy Court, the payment by Titan of the Settlement Amount, and the Trustee's dismissal with prejudice of the *Kipperman* Actions as to each of the Settling Defendants.

    1.2    <u>Submission to the Bankruptcy Court</u>. Upon receipt of this Agreement executed by each of the Parties, the Trustee shall cause the Trustee's counsel to immediately, but in no event later than five (5) days after receipt of such executed Agreement (unless such time is extended by the written agreement of all Parties through their counsel), file the Settlement Motion. The Parties shall each support the Settlement Motion as well as the Bankruptcy Court approval of this Agreement. In addition, the Trustee shall submit appropriate declarations in support of the Settlement Motion.

    1.3    <u>Payment of settlement amount</u>. Provided that the Bankruptcy Court has entered an Order approving this Agreement, within ten (10) days of entry such on Order (unless such time is extended by the written agreement of all Parties through their counsel), Titan, on behalf of the Settling Defendants, shall pay to Richard M. Kipperman, as trustee of the Bankruptcy Estates, $5,000,000 (five million dollars), such payment to be made by certified check or wire transfer in good funds. The settlement funds shall be allocated between the Bankruptcy Estates at the sole discretion of the Trustee.

15

1.4    Dismissal with Prejudice of *Kipperman* Actions. Immediately after payment by Titan of the Settlement Amount in good funds, but in no event later than five (5) days after such payment (unless such time is extended by the written agreement of all Parties through their counsel), the Trustee shall cause the Trustee's counsel to dismiss the *Kipperman* Actions, whether filed in the State Court, Federal Court or Bankruptcy Court, with prejudice as to each of the Settling Defendants.

2.    Releases.

2.1    Trustee Release of Settling Defendants and Non-Party Directors and Officers. Upon the Effective Date, the Trustee, on behalf of himself individually and in his capacity as Chapter 7 trustee for the Bankruptcy Estates, and on behalf of SureBeam and the Bankruptcy Estates, and their respective agents, assigns, representatives, heirs, attorneys, creditors, affiliates, predecessors and successors shall be deemed to have unconditionally, irrevocably and absolutely released and discharged the Settling Defendants and the Non-Party Directors and Officers, and their respective agents, assigns, estates, heirs, executors, administrators, trustees, representatives and attorneys of and from any and all of the Trustee Released Claims Against Settling Defendants and Non-Party Directors and Officers.

2.2    Settling Defendants Release of Trustee. Upon the Effective Date, the Settling Defendants, on their own behalf and on behalf of their respective agents, assigns, heirs, executors, administrators, trustees, and representatives, shall be deemed to have unconditionally, irrevocably and absolutely released and discharged the Trustee, SureBeam and the Bankruptcy Estates, of and from any and all of the Settling Defendants Released Claims Against Trustee.

2.3    Trustee's Release of L-3. In consideration of the release of claims against the Trustee by L-3 Communications set forth in paragraph 2.4 of this Agreement, upon the

16

Effective Date, the Trustee, on behalf of himself individually and in his capacity as Chapter 7 trustee for the Bankruptcy Estates, and on behalf of SureBeam and the Bankruptcy Estates, and their respective agents, assigns, heirs, representatives, agents, creditors, affiliates, predecessors, and successors, shall be deemed to have unconditionally, irrevocably and absolutely released and discharged L-3 Communications and L-3 Communications' officers, directors, stockholders, creditors, predecessors, successors, assigns and subsidiaries, including but not limited to Titan, of and from any and all of the Trustee Released Claims Against L-3.

2.4     L-3 Release of Trustee.  In consideration of the release of claims against L-3 Communications by the Trustee set forth in paragraph 2.3 of this Agreement, upon the Effective Date, L-3 Communications, on its own behalf and on behalf of its predecessors, successors, assigns and subsidiaries, including but not limited to Titan, shall be deemed to have unconditionally, irrevocably and absolutely released and discharged the Trustee, SureBeam, the Bankruptcy Estates and their respective heirs, representatives and attorneys, of and from any and all of the L-3 Released Claims Against Trustee.

2.5     Trustee's Release of Preference Parties.  In consideration of the release of claims against the Trustee by the Preference Parties set forth in paragraph 2.6 of this Agreement, upon the Effective Date, the Trustee, in his individual capacity and in his capacity as Chapter 7 trustee for the Bankruptcy Estates, and on behalf of SureBeam and the Bankruptcy Estates, and their respective agents, assigns, representatives, heirs, attorneys, creditors, affiliates, predecessors and successors shall be deemed to have unconditionally, irrevocably and absolutely released and discharged the Preference Parties, and their respective agents, assigns, administrators, representatives, attorneys, partners, members, officers, directors, stockholders,

17

creditors, affiliates, predecessors and successors, of and from any and all of the Trustee Released

Claims Against Preference Parties.

      2.6    <u>Preference Parties' Release of Trustee</u>.  In consideration of the release of

claims against the Preference Parties by the Trustee set forth in paragraph 2.5 of this Agreement,

upon the Effective Date, the Preference Parties and their respective agents, assigns,

administrators, representatives, attorneys, partners, members, officers, directors, stockholders,

creditors, affiliates, predecessors and successors, shall be deemed to have unconditionally,

irrevocably and absolutely released and discharged the Bankruptcy Estates and Richard M

Kipperman of and from any and all of the Preference Parties Released Claims Against Trustee.

      2.7    <u>Waiver of Civil Code Section 1542</u>.  The Parties agree that, upon the

Effective Date, each of them waive the provisions, rights and benefits of California Civil Code §

1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

The Parties also waive any and all provisions, rights and benefits conferred by any law of any

state or territory of the United States, or principle of common law, which is similar, comparable

or equivalent to Civil Code § 1542.

     **3.**      **Additional Provisions**

      3.1    <u>Further Assurances</u>.  The Trustee, Settling Defendants, Titan and L-3

Communications: (a) acknowledge that it is their intent to consummate this agreement; and (b)

agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and

conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

3.2  Trustee's Obligation to Defend against Underwriter Indemnification Claims; L-3's Obligation to Indemnify Trustee; Titan and L-3's Indemnity Obligations to Trustee.  The Trustee shall review and, if appropriate, object to, defend against, and/or otherwise resolve the Underwriter Indemnification Claims.  If, even after having objected, defended against and/or otherwise resolved the Underwriter Indemnification Claims, one of the Bankruptcy Estates becomes liable and/or agrees to pay any such Underwriter Indemnification Claims or any portion thereof, Titan and L-3 Communications agree to indemnify such Bankruptcy Estate and hold such Bankruptcy Estate harmless against any amounts such Bankruptcy Estate is required to pay in satisfaction and/or in resolution of the Underwriter Indemnification Claims, including any bankruptcy approved fees and costs incurred in objecting to, defending against and/or otherwise resolving the Underwriter Indemnification Claims.  The Trustee shall not settle or otherwise resolve out of court the Underwriter Indemnification Claims without the prior written approval of Titan and L-3 Communications, and such written approval shall not be unreasonably withheld.

3.3  Other Indemnification.  The Parties acknowledge that Settling Defendants Oberkfell, Claudio, Golding, Rane and Ray have asserted the Securities Litigation Indemnification Claims and these claims are not released pursuant to this Agreement. The Trustee shall take whatever action with respect to determining the validity and/or allowability of the Securities Litigation Indemnification Claims as he would take in the absence of this Agreement.  If one of the Bankruptcy Estates is required to pay indemnification, other than pursuant to an out of court resolution or settlement, to any of the Settling Defendants asserting the Securities Litigation Indemnification Claims, or some portion thereof, then Titan

19

and L-3 Communications agree to indemnify such Bankruptcy Estate and hold such Bankruptcy Estate harmless against amounts such Bankruptcy Estate is required to pay said Settling Defendants on account of the Securities Litigation Indemnification Claims, as well as any bankruptcy court approved fees and costs incurred in objecting to, defending against and/or resolving the Securities Litigation Indemnification Claims. The Trustee shall be entitled to resolve or otherwise settle the Securities Litigation Indemnification Claims out of court; provided, however, that, in the event the Trustee settles or otherwise resolves the Securities Litigation Claims out of court, the Bankruptcy Estates shall only be entitled to indemnification from Titan and L-3 Communications pursuant to this paragraph 3.3 if the Trustee obtains Titan and L-3 Communications' prior written consent of such out of court settlement or resolution, and such written consent shall not be unreasonably withheld.

     3.4    <u>Non-Disparagement/No Press Release</u>. The Parties agree that they will not in any way disparage or otherwise comment unfavorably about any other Party. Each of the Parties agrees that he, she or it will not issue any press release as to the settlement of these disputes and claims or the execution of this Agreement.

     3.5    <u>No Admission</u>. Neither the Agreement nor the settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Trustee Released Claims Against Settling Defendants and Non-Party Directors and Officers, Settling Defendants Released Claims Against Trustee, Trustee Released Claims Against L-3, L-3 Released Claims Against Trustee, Trustee Released Claims Against Preference Parties or Preference Parties Released Claims Against Trustee of any wrongdoing or liability of the Trustee, Settling Defendants, Non-Party Directors and Officers, Titan, L-3 Communications

20

or the Preference Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Trustee, Settling Defendants, Non-Party Directors and Officers, Titan, L-3 Communications or the Preference Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Trustee, Settling Defendants, Non-Party Directors and Officers, Titan, L-3 Communications or Preference Parties may file the Agreement, the Bankruptcy Court's Order approving this Agreement and/or the dismissal with prejudice of the *Kipperman* Actions in any action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

3.6     Previous Confidentiality Orders/Agreements. All agreements made and orders entered during the course of the *Kipperman* Actions relating to the confidentiality of information shall survive this Agreement.

3.7     Notice. Whenever any Party shall desire or be required to give or serve any notice, demand, request or other communication with respect to this Agreement, each such notice shall be in writing and shall be effective only if the same is delivered by personal service, by telecopy, by telegram, or mailed by registered or certified mail, postage prepaid, return receipt requested, addressed as follows:

     If to the Trustee:

          Richard M Kipperman
          Corporate Management, Inc.
          Bankruptcy Trustee
          P.O. Box 3939
          La Mesa, CA 9144
          Fax: (619) 668-9014

21

Thomas W. McNamara
LaBella McNamara, LLP
401 West A Street, Suite 1150
San Diego, CA 92101
Tel: (619) 696-9200
Fax: (619) 696-9269

Martin A. Eliopulos
Higgs, Fletcher & Mack
401 West A Street, Suite 2600
San Diego, CA 92101-7910

If to the any or all of the Settling Defendants other than Settling Defendants Ray or

Costanza:

Shirli Fabbri Weiss, Esq.
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA 92101
Phone: (619) 699-2700
Fax: (619) 699-2701

If to Titan or L-3 Communications or Settling Defendants Ray or Costanza:

Bruce Friedman, Esq.
Alschuler Grossman Stein and Kahan LLP
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060

If to Preference Parties DLA Piper Rudnick Gray Cary US LLP or Gray Cary Ware and

Freidenrich LLP:

Shirli Fabbri Weiss, Esq.
DLA Piper Rudnick Gray Cary US LLP
401 B Street, Suite 1700
San Diego, CA 92101
Phone: (619) 699-2700
Fax: (619) 699-2701

22

If to Preference Party Luce Forward Hamilton & Scripps LLP:

Tim Pestotnik
Luce Forward Hamilton & Scripps LLP
600 West Broadway, Suite 2600
San Diego, CA 92101
Phone: (619) 236-1414
Fax: (619) 232-8311

Any such notice delivered personally or telecopied shall be deemed to have been received upon delivery. Any such notice sent by mail shall be deemed to have been received by the addressee three (3) business days after posting in the United States Postal Service. A Party hereto may change its address by giving each of the Parties written notice of any address change as herein provided.

3.8     Computation of Time Periods. All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Agreement, the day of the act or event from which the designated period of time begins to run shall be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday or legal holiday, in which event the period shall run until the end of the next day that is not one of the aforementioned days.

3.9     Integration. The Trustee, Settling Defendants, Titan, L-3 Communications and the Preference Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the *Kipperman* Actions and any preference claims asserted or that may be asserted by the Trustee. The Agreement constitutes the entire agreement between the Trustee, Settling Defendants, Titan, L-3 Communications and the Preference Parties, and no representations, warranties or inducements have been made to Trustee, Settling Defendants, Titan, L-3 Communications or the Preference Parties concerning the Agreement other than the representations, warranties and covenants contained and memorialized herein.

23

3.10   Amendments. The Agreement may be amended or modified only by a written instrument signed by or on behalf of the Trustee, all of the Settling Defendants, Titan, L-3 Communications and the Preference Parties or their respective successors-in-interest or counsel.

3.11   Enforcement. The Parties agree and acknowledge that a breach of any of the terms, covenants or any other provision of this Agreement will result in irreparable harm and damage to the Parties that cannot be adequately compensated by a monetary award. Accordingly, the Parties expressly agree that in addition to all other remedies available at law or in equity (including, without limitation, money damages), the Parties shall be entitled to seek the remedy of a temporary restraining order, preliminary injunction, permanent injunction or such other form of injunctive or equitable relief as may be used by any court of competent jurisdiction to specifically enforce the terms of this Agreement.

3.12   No Assignment. Each of the Parties represents and warrants that he, she or it has not assigned, conveyed, transferred or pledged to any other person or entity, whether voluntarily or involuntarily, any claims herein released by him, her or it in Section 2 of this Agreement and to the extent any such claims exist, he, she or it is the sole owner and holder of such claims.

3.13   Authority. The Parties warrant that the signatories have full authority to enter into this Agreement on behalf of any entity or entities for whom they are signing (subject, in the case of the Trustee, to approval by the Bankruptcy Court).

3.14   Counterparts. The Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the

24

same instrument. A complete set of original executed counterparts shall be filed with the Bankruptcy Court.

3.15    Successors and Assigns. The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

3.16    Choice of Law. The Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the Parties shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of California without giving effect to that State's choice of law principles. This Agreement shall be subject to Bankruptcy Court approval and incorporated into the Order of the Bankruptcy Court approving this Agreement, and all Parties shall submit to the jurisdiction of Bankruptcy Court to enforce the continuing obligations under this Agreement, and to resolve any dispute that may arise under this Agreement.

3.17    Independent Advise/Drafting. This Agreement is the product of good faith arm's-length negotiations among the Trustee, Settling Defendants, Titan, L-3 Communications and the Preference Parties, during which each of the Parties was represented by competent counsel, each of whom have drafted, reviewed or commented upon the terms of the Agreement. Accordingly, the contract rule of strict interpretation against the drafter of a document shall not apply to any of the Parties.

3.18    Headings. Headings herein are used for convenience of reference only and do not define or limit the scope of provisions of this Agreement.

*Signed by Judge Louise DeCarl Adler June 02,2006*

IN WITNESS OF THE FOREGOING, the Parties have executed this Agreement as of the dates set forth below.

DATED: March 31, 2006

By: Richard M. Kipperman

Chapter 7 Trustee in the Bankruptcy

Case of In re SureBeam Corp.,

Case No. 04-00421

DATED: March 31, 2006

By: Richard M. Kipperman

Chapter 7 Trustee in the Bankruptcy

Case of In re SB OperatingCo LLC,

Case No. 04-00422

DATED: March ____, 2006

By: Robert O. Aders

DATED: March ____, 2006

By: J. Thomas Allen

DATED: March ____, 2006

By: John C. Arme

GT6478953.1
355868-1

26

FEB-27-2006  16:24        SPENCER GIFTS                    609 645 3052    P.01/01

IN WITNESS OF THE FOREGOING, the Parties have executed this Agreement as of the dates set forth below.

DATED: March ____, 2006

By: Richard M. Kipperman

Chapter 7 Trustee in the Bankruptcy Case of In re SureBeam Corp., Case No. 04-00421

DATED: March ____, 2006

By: Richard M. Kipperman

Chapter 7 Trustee in the Bankruptcy Case of In re SB OperatingCo LLC, Case No. 04-00422

DATED: March __1__, 2006

By: Robert O. Aders

DATED: March ____, 2006

By: J. Thomas Allen

DATED: March ____, 2006

By: John C. Arme

OT16471953.1
355868-1

26

TOTAL  P.01

03/02/2006 THU 14:38  [TX/RX NO 7705]

*Signed by Judge Louise DeCarl Adler June 02, 2006*

IN WITNESS OF THE FOREGOING, the Parties have executed this Agreement as of the dates set forth below.

DATED: March _____, 2006

By: Richard M. Kipperman

Chapter 7 Trustee in the Bankruptcy

Case of In re SureBeam Corp.,

Case No. 04-00421

DATED: March _____, 2006

By: Richard M. Kipperman

Chapter 7 Trustee in the Bankruptcy

Case of In re SB OperatingCo LLC,

Case No. 04-00422

DATED: March _____, 2006

By: Robert O. Aders

DATED: March 7, 2006

By: J. Thomas Allen

DATED: March _____, 2006

By: John C. Arme

26

IN WITNESS OF THE FOREGOING, the Parties have executed this Agreement as of the dates set forth below.

DATED: March _____, 2006

By: Richard M. Kipperman

Chapter 7 Trustee in the Bankruptcy

Case of In re SureBeam Corp.,

Case No. 04-00421

DATED: March _____, 2006

By: Richard M. Kipperman

Chapter 7 Trustee in the Bankruptcy

Case of In re SB OperatingCo LLC,

Case No. 04-00422

DATED: March _____, 2006

By: Robert O. Aders

DATED: March _____, 2006

By: J. Thomas Allen

DATED: March __7__, 2006

By: John C. Arme

*Signed by Judge Louise DeCarl Adler June 02, 2006*

DATED: March _10_, 2006

By: Kevin K. Claudio

DATED: March ____, 2006

By: Nicholas Costanza

DATED: March ____, 2006

By: Eric DeMarco

DATED: March ____, 2006

By: Susan Golding

DATED: March ____, 2006

By: William C. Hale

DATED: March ____, 2006

By: Jack A. Henry

DATED: March ____, 2006

By: Michael J. Licata

DATED: March ____, 2006

By: Lawrence A. Oberkfell

27

DATED: March ____, 2006                    _____
                                           By: Kevin K. Claudio

DATED: March _16_, 2006                    _____
                                           By: Nicholas Costanza

DATED: March ____, 2006                    _____
                                           By: Eric DeMarco

DATED: March ____, 2006                    _____
                                           By: Susan Golding

DATED: March ____, 2006                    _____
                                           By: William C. Hale

DATED: March ____, 2006                    _____
                                           By: Jack A. Henry

DATED: March ____, 2006                    _____
                                           By: Michael J. Licata

DATED: March ____, 2006                    _____
                                           By: Lawrence A. Oberkfell

27

DATED: March ____, 2006

By: Kevin K. Claudio

DATED: March ____, 2006

By: Nicholas Costanza

DATED: March ____, 2006

By: Eric DeMarco

DATED: March ____, 2006

By: Susan Golding

DATED: March ____, 2006

By: William C. Hale

DATED: March ____, 2006

By: Jack A. Henry

DATED: March ____, 2006

By: Michael J. Licata

DATED: March ____, 2006

By: Lawrence A. Oberkfell

27

*Signed by Judge Louise DeCarl Adler June 02, 2006*

DATED: March ____, 2006

_____

By: Kevin K. Claudio

DATED: March ____, 2006

_____

By: Nicholas Costanza

DATED: March ____, 2006

_____

By: Eric DeMarco

DATED: March 23, 2006

_____

By: Susan Golding

DATED: March ____, 2006

_____

By: William C. Hale

DATED: March ____, 2006

_____

By: Jack A. Henry

DATED: March ____, 2006

_____

By: Michael J. Licata

DATED: March ____, 2006

_____

By: Lawrence A. Oberkfell

GT\6478953.1
355868-1

27

*Signed by Judge Louise DeCarl Adler June 02,2006*

DATED: March ____, 2006

By: Kevin K. Claudio

DATED: March ____, 2006

By: Nicholas Costanza

DATED: March ____, 2006

By: Eric DeMarco

DATED: March ____, 2006

By: Susan Golding

DATED: March ____, 2006

By: William C. Hale

DATED: March ____, 2006

By: Jack A. Henry

DATED: March ____, 2006

By: Michael J. Licata

DATED: March ____, 2006

By: Lawrence A. Oberkfell

27

*Signed by Judge Louise DeCarl Adler June 02, 2006*

DATED: March _____, 2006

_____

By: Kevin K. Claudio


DATED: March _____, 2006

_____

By: Nicholas Costanza


DATED: March _____, 2006

_____

By: Eric DeMarco


DATED: March _____, 2006

_____

By: Susan Golding


DATED: March _____, 2006

_____

By: William C. Hale


DATED: March _____, 2006

_____

By: Jack A. Henry


DATED: March _____, 2006

_____

By: Michael J. Licata


DATED: March _____, 2006

_____

By: Lawrence A. Oberkfell


GT\6478953.1
355868-1

27

DATED: March _____, 2006

_____
By: Kevin K. Claudio

DATED: March _____, 2006

_____
By: Nicholas Costanza

DATED: March _____, 2006

_____
By: Eric DeMarco

DATED: March _____, 2006

_____
By: Susan Golding

DATED: March _____, 2006

_____
By: William C. Hale

DATED: March _____, 2006

_____
By: Jack A. Henry

DATED: March _____, 2006

_____
By: Michael J. Licata

DATED: March _____, 2006

_____
By: Lawrence A. Oberkfell

27

DATED: March ____, 2006

                                        _____
                                          By: Kevin K. Claudio

DATED: March ____, 2006

                                          _____
                                          By: Nicholas Costanza

DATED: March ____, 2006

                                          _____
                                          By: Eric DeMarco

DATED: March ____, 2006

                                          _____
                                          By: Susan Golding

DATED: March ____, 2006

                                          _____
                                          By: William C. Hale

DATED: March ____, 2006

                                          _____
                                          By: Jack A. Henry

DATED: March ____, 2006

                                          _____
                                          By: Michael J. Licata

DATED: March _10_, 2006

                                          By: Lawrence A. Oberkfell

27

DATED: March __9__, 2006

_Dennis G. Olson_

By: Dennis G. Olson


DATED: March ____, 2006

_____

By: David A. Rane


DATED: March ____, 2006

_____

By: Gene W. Ray


DATED: March ____, 2006

_____

By: James Roth


DATED: March ____, 2006

_____

By: Donald Segal


DATED: March ____, 2006

_____

L-3 COMMUNICATIONS TITAN
CORPORATION

By: _____


DATED: March ____, 2006

_____

L-3 COMMUNICATIONS CORPORATION

By: _____


28

DATED: March ____, 2006

_____

By: Dennis G. Olson


DATED: March _6_, 2006

*David A Rane*

By: David A. Rane


DATED: March ____, 2006

_____

By: Gene W. Ray


DATED: March ____, 2006

_____

By: James Roth


DATED: March ____, 2006

_____

By: Donald Segal


DATED: March ____, 2006

_____

L-3 COMMUNICATIONS TITAN
CORPORATION

By: _____


DATED: March ____, 2006

_____

L-3 COMMUNICATIONS CORPORATION

By: _____

*Signed by Judge Louise DeCarl Adler June 02,2006*

FEB-28-2006 TUE 01:37 PM                    FAX NO. 18585529651              P. 02

DATED: March ____, 2006          _____
                                 By: Dennis G. Olson

DATED: March ____, 2006          _____
                                 By: David A. Rane

DATED: March __/__, 2006         _____
                                 By: Gene W. Ray

DATED: March ____, 2006          _____
                                 By: James Roth

DATED: March ____, 2006          _____
                                 By: Donald Segal

DATED: March ____, 2006          _____
                                 L-3 COMMUNICATIONS TITAN
                                 CORPORATION

                                 By: _____

DATED: March ____, 2006          _____
                                 L-3 COMMUNICATIONS CORPORATION

                                 By: _____

28

*Signed by Judge Louise DeCarl Adler June 02, 2006*

DATED: March \_\_\_\_, 2006

_____

By: Dennis G. Olson

DATED: March \_\_\_\_, 2006

_____

By: David A. Rane

DATED: March \_\_\_\_, 2006

_____

By: Gene W. Ray

DATED: March 13, 2006

_____

By: James Roth

DATED: March \_\_\_\_, 2006

_____

By: Donald Segal

DATED: March \_\_\_\_, 2006

_____

L-3 COMMUNICATIONS TITAN
CORPORATION

By: _____

DATED: March \_\_\_\_, 2006

_____

L-3 COMMUNICATIONS CORPORATION

By: _____

28

Signed by Judge Louise DeCarl Adler June 02,2006

DATED: March ____, 2006

_____

By: Dennis G. Olson


DATED: March ____, 2006

_____

By: David A. Rane


DATED: March ____, 2006

_____

By: Gene W. Ray


DATED: March ____, 2006

_____

By: James Roth


DATED: March __7__, 2006

_____

By: Donald Segal


DATED: March ____, 2006

_____

L-3 COMMUNICATIONS TITAN
CORPORATION

By: _____


DATED: March ____, 2006

_____

L-3 COMMUNICATIONS CORPORATION

By: _____

*Signed by Judge Louise DeCarl Adler June 02,2006*

DATED: March ____, 2006                    _____
                                           By: Dennis G. Olson


DATED: March ____, 2006                    _____
                                           By: David A. Rane


DATED: March ____, 2006                    _____
                                           By: Gene W. Ray


DATED: March ____, 2006                    _____
                                           By: James Roth


DATED: March ____, 2006                    _____
                                           By: Donald Segal


DATED: March ____, 2006                    _____
                                           L-3 COMMUNICATIONS TITAN
                                           CORPORATION

                                           By: Christopher C. Cambria, Secretary


                                           _____
DATED: March ____, 2006                    L-3 COMMUNICATIONS CORPORATION


                                           By: Christopher C. Cambria, Secretary


28

*Signed by Judge Louise DeCarl Adler June 02, 2006*

DATED: March 1, 2006

By: Merrill Lynch & Co., Inc., Trustee of the Gary
Loda Trust dated 5/19/05
By: Scott o. Luwon
Its: VICE PRESIDENT
_____

DATED: March 30, 2006

DLA PIPER RUDNICK GRAY CARY US
LLP/GRAY CARY WARE &
FREIDENRICH LLP

By: _____

DATED: March ___, 2006

LUCE FORWARD HAMILTON & SCRIPPS
LLP

By: _____
_____

Signed by Judge Louise DeCarl Adler June 02, 2006

DATED: March ____, 2006

By: Merrill Lynch & Co., Inc., Trustee of the
Gary Loda Trust dated _____
By: _____
Its: _____

_____

DATED: March ____, 2006

DLA PIPER RUDNICK GRAY CARY US
LLP/GRAY CARY WARE &
FREIDENRICH LLP

By: _____

DATED: March 3/, 2006

LUCE FORWARD HAMILTON & SCRIPPS
LLP

By: _Russell A. Gold_____
Russell A. Gold, an authorized representative
of Luce Forward Hamilton & Scripps LLP,
which enters into this agreement solely in its
own capacity as a Preference Party and not on
behalf of any other party or defendant who are
each represented by other counsel

GT/6478953

29

*Signed by Judge Louise DeCarl Adler June 02, 2006*

1   Thomas W. McNamara (SBN 127280)
    LaBella & McNamara, LLP
2   401 West "A" Street, Suite 1150
    San Diego, California 92101
3   Telephone:  (619) 696-9200
    Facsimile:   (619) 696-9269
4   E-mail:  tmcnamara@labellamcnamara.com
5
    Attorneys for Richard M Kipperman,
6   Chapter 7 Trustee for SureBeam Corporation
7
8                     UNITED STATES DISTRICT COURT
9
                    SOUTHERN DISTRICT OF CALIFORNIA
10
11   GORDON REED, derivatively on behalf of     Consolidated Case No.:  03CV2572-J
     SUREBEAM CORPORATION,                      (Consolidated with 03-CV-2223 and 03-CV-
12                                               2294)
                  Plaintiff,
13                                               PROOF OF SERVICE
           v.
14
     LAWRENCE A. OBERKFELL, DAVID A.             Judge:  Hon. Jeffrey T. Miller
15   RANE, JOHN C. ARME, MICHAEL J.
     LICATA, WILLIAM C. HALE, ROBERT O.
16   ADERS, SUSAN GOLDING, GENE W.
     RAY, DONALD SEGAL, DENNIS G.
17   OLSON, GARY J. LODA, THOMAS
     ALLEN, KEVIN K. CLAUDIO, JACK A
18   HENRY, TITAN CORPORATION,
     SUREBEAM CORPORATION, and DOES
19   1-25,
20
                  Defendants.
21
22
23
24
25
26
27
28

                                    1                    Case No. 03cv2223
                                                         Proof of Service

1    I, Linh Quach, declare as follows:

2    I am an employee of a member of the bar of this Court at whose direction the service was made in the County of San Diego, State of California. I am over the age of 18 and not a

3    party to the within action; my business address is 401 West "A" Street, San Diego, California 92101. On June 15, 2006, I served the following documents described as:

4

5    **NOTICE OF VOLUNTARY DISMISSAL OF DERIVATIVE ACTIONS**

    by the following method:

6

7    __X__    **MAIL** by causing a true copy thereof to be placed in a sealed envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California addressed as indicated below. I am "readily familiar" with this firm's practice of collection

8    and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

9

10    **Please see attached service list.**

11    _____**PERSONAL SERVICE** by causing copies to be personally delivered to the person(s) served as indicated below.

12    _____**FACSIMILE** by causing such document to be transmitted by facsimile machine to the office(s) of the party(s) indicated below. The facsimile machine used complied with Rule

13    2003 and no error was reported by the machine.

14    I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.

15

16    Executed on June 15, 2006 at San Diego, California.

17

18    Linh Quach

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | Shirli Fabbri Weiss | *Attorneys for Defendants John C. Arme* |
| 3 | Robert Brownlie<br>Gerard A. Trippitelli | *Lawrence A. Obkerfell, James Roth,*<br>*Michael J. Licata, David A. Rane, Eric* |
| 4 | Aran J. Wong<br>DLA PIPER RUDNICK GRAY CARY US LLP | *M. DeMarco, Susan Golding, Donald*<br>*Segal, Gary Loda, J. Thomas Allen,* |
| 5 | 401 B Street, Suite 1700<br>San Diego, CA 92101-4297 | *Kevin K. Claudio, William C. Hale,*<br>*Michael J. Licata, & Robert C. Aders* |
| 6 | Tel:  619-699-3650<br>Fax:  619-699-2701 | |
| 7 | | |
| 8 | Timothy R. Pestotnik | *Attorneys for Defendant SureBeam* |
| 9 | Russell A. Gold<br>LUCE FORWARD HAMILTON & SCRIPPS | *Corporation, Lawrence A. Obkerfell,*<br>*Kevin K. Claudio, Jack A. Henry, John* |
| 10 | 600 W. Broadway Suite 2600<br>San Diego, CA 92101 | *C. Arme* |
| 11 | Tel: (619) 236-1414<br>Fax: (619) 232-8311 | |
| 12 | | |
| 13 | Marshall B. Grossman<br>Bruce A. Friedman | *Attorneys for Defendants Gene W. Ray,*<br>*Nicholas J. Costanza, The Titan* |
| 14 | ALSCHULER, GROSSMAN, STEIN & KAHAN<br>The Water Garden | *Corporation, Susan Golding, Donald*<br>*Segal, Dennis G. Olson, Gary J. Loda* |
| 15 | 1620 26th Street<br>Santa Monica, CA 90404-4060 | *Thomas Allen, & Titan Corporation* |
| 16 | Tel:   310-907-1000<br>Fax:  310-907-2000 | |
| 17 | Douglas Butz | *Attorneys for Defendants Gene W. Ray,* |
| 18 | BUTZ DUNN DESANTIS & BINGHAM<br>101 West Broadway, Suite 1700 | *Susan Golding, and The Titan*<br>*Corporation* |
| 19 | San Diego, CA 92101-8289<br>Tel: 619-233-4777 | |
| 20 | Fax: 619-231-0341 | |
| 21 | William S. Lerach | *Co-Counsel for Lead Plaintiffs, and* |
| 22 | Douglas Britton<br>LERACH COUGHLIN STOIA GELLER | *Attorneys for Plaintiff FMC LTD.*<br>*Pension Plan and Trust, Jamerica* |
| 23 | RUDMAN & ROBBINS LLP<br>401 B Street Suite 1700 | *Financial Inc., Spear Capital*<br>*Management, Inc., Joseph J. Brogan,* |
| 24 | San Diego, CA 92101<br>Tel: 619-231-1058 | *Scarsdale Fabrics, Inc.* |
| 25 | Fax: 619-231-7423 | |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | Darren Jay Robbins | *Attorneys for defendant SureBeam* |
| 2 | LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP | *Corporation; Lawrence A. Obkerfell, David A. Rane* |
| 3 | 655 West Broadway, Suite 1900 San Diego, CA 92101 | |
| 4 | Tel: (619) 231-1058 | |
| 5 | Andrew Schatz | *Co-Counsel for Lead Plaintiffs, and* |
| 6 | Seth Klein SCHATZ & NOBEL, PC | *Attorneys for Plaintiff FMC LTD. Pension Plan and Trust* |
| 7 | One Corporate Center 20 Church Street | |
| 8 | Hartford, CT 06103 Tel: 860-493-6292 | |
| 9 | Fax: 860-493-6290 | |
| 10 | Daniel J. Tyukody | *Attorneys for Defendants Merrill Lynch* |
| 11 | Michael C. Tu Jason L. Kracer | *Pierce, Fenner & Smith Incorporated, Credit Suisse First Boston LLC and* |
| 12 | ORRICK, HERRINGTON & SUTCLIFFE, LLP 777 South Figueroa Street, Suite 3200 | *Wachovia Capital Markets LLC* |
| 13 | Los Angeles, CA 90017 Tel: 213-629-2020 | |
| 14 | Fax: 213-612-2499 | |
| 15 | | |
| 16 | Martin A. Eliopulos Cyrus L. Torabi | *General Counsel for Chapter 7 Trustee Richard M Kipperman* |
| 17 | HIGGS, FLETCHER & MACK, LLP 401 West A Street, Suite 2600 | |
| 18 | San Diego CA 92101 Tel: (619) 236-1551 | |
| 19 | Venus Soltan | *Attorneys for Plaintiff Gordon Reed,* |
| 20 | SOLTAN and ASSOCIATES 4220 Von Karman Avenue, Second Floor | *and Richard E. Ruckstuhl Derivatively on Behalf of SureBeam Corporation* |
| 21 | Newport Beach, CA 92660 Tel: (949) 729-3100 | |
| 22 | Fax: (949) 729-1527 | |
| 23 | James G. Stranch, III | *Attorneys for Plaintiff Gordon Reed,* |
| 24 | J. Gerard Stranch, IV BRANSTETTER, KILGORE, | *Derivatively on Behalf of SureBeam Corporation* |
| 25 | STRANCH & JENNINGS 237 Second Avenue North, Fourth Floor | |
| 26 | Nashville, TN 37201-1631 Tel: (615) 254-8801 | |
| 27 | Fax: (615) 250-3937 | |
| 28 | | |

Case No. 03cv2223
Proof of Service

| | | |
|---|---|---|
| 1 | Daniel L. Germain | *Attorneys for Plaintiff Thomas* |
| | ROSMAN & GERMAIN | *Harris, Derivatively On Behalf of* |
| 2 | 815 Morage Drive | *Nominal Defendant SureBeam* |
| | Los Angeles, CA 90049 | *Corporation* |
| 3 | Tel:  (310) 440-8600 | |
| | Fax: (310) 440-8615 | |
| 4 | | |
| | Robert B. Weiser | *Attorneys for Plaintiffs, Thomas* |
| 5 | Eric L. Zagar | *Harris Derivatively On Behalf of* |
| | Robin Winchester | *Nominal Defendant SureBeam* |
| 6 | SCHIFFRIN & BARROWAY, LLP | *Corporation* |
| | Three Bala Plaza East, Suite 400 | |
| 7 | Bala Cynwyd, PA 199004 | |
| | Tel:  (610) 667-7706 | |
| 8 | Fax: (610) 667-7056 | |
| 9 | George E. Barrett | *Attorneys for Plaintiff Richard E.* |
| | Douglas S. Johnston, Jr. | *Ruckstuhl, Derivatively on Behalf of* |
| 10 | Timothy L. Miles | *SureBeam Corporation* |
| | BARRETT, JOHNSTON & PARSLEY | |
| 11 | 217 Second Avenue North | |
| | Nashville, TN 37201 | |
| 12 | Tel:  (615) 244-2202 | |
| | Fax: (615) 252-3798 | |
| 13 | | |
| 14 | Darren Jay Robbins | *Attorneys for Plaintiffs Edward* |
| | RUDMAN & ROBBINS | *Weiss, On Behalf Of Themselves &* |
| 15 | 655 West Broadway, Suite 1900 | *All Others Similarly Situated* |
| | San Diego, CA 92101 | *Plaintiff; Delaware Charter GTY.* |
| 16 | Tel:  (619) 231-1058 | *Trust TR. Melvyn Manaster IRA R/O* |
| | | *On Behalf Of Themselves and All* |
| 17 | | *Others Situated Plaintiff, FMC LTD.* |
| | | *Pension Plan and Trust, Rhona Chas,* |
| 18 | | *James Janette, Stephen M. Strachan* |
| 19 | Kirk B. Hulett | *Attorneys for Plaintiffs, Michael* |
| | HULETT HARPER STEWART | *Lampkin, Gene P. Kirby, Gary* |
| 20 | 550 West C Street, Suite 1600 | *Blevins, Theodore Maka, Richard* |
| | San Diego, CA 92101 | *M. Torre, James Curran, Michael* |
| 21 | | *Busbice, Sr.* |
| 22 | Zev B. Zysman | *Attorneys for Plaintiff, Jonathan* |
| | Jennifer R. Liakos | *David Dobis, Mary Vallario* |
| 23 | WEISS AND LURIE | |
| | 10940 Wilshire Blvd., 24th Floor | |
| 24 | Los Angeles, CA 90024 | |
| | Tel:  (310) 208-2800 | |
| 25 | | |
| | Marc L. Godino | *Attorneys for Plaintiff, Bernd* |
| 26 | BRAUN LAW GROUP | *Bildstein* |
| | 12400 Wilshire Blvd., Suite 920 | |
| 27 | Los Angeles, CA 90025 | |
| 28 | | |

Case No. 03cv2223
Proof of Service

| | |
|---|---|
| 1 | Rachele R. Rickert | Attorneys for Plaintiff Nancy Mensch, |

1  Rachele R. Rickert
   WOLF HALDENSTEIN ADLER FREEMAN
2  AND HERZ
   750 B Street
3  Symphony Towers, Suite 2770
   San Diego, CA 92101-5050
4

*Attorneys for Plaintiff Nancy Mensch,
John Mensch, Steve Lemon*

5  Jeffrey R. Krinsk
   FINKELSTEIN AND KRINSK
   501 West Broadway, Suite 1250
6  San Diego, CA 92101

*Attorneys for Plaintiff Anthony
Segalle*

7  Lional Z. Glancy
   Michael M. Goldberg
8  Peter Arthur Binkow
   GLANCY AND BLINKOW
9  1801 Avenue of the Stars, Suite 311
   Los Angeles, CA 90067
10

11

*Attorneys for Plaintiff Glen Leason,
John Taylor, Irene C. Huang
Albert J. Berni, Eva Searcy,
Olive Branch-Leason, Mary Ann
Richason, Paul Berger, Gregory
Lavdanski, Manuel E. Wilkey, Paul
Strick, Arsella Strick, Richard Shay,
Jae Ok Joo, Lawrence E. Aronson,
Paul Berger, Andrew L. Yerre*

12

13  David B. Zlotnick
    LAW OFFICES OF DAVID B. ZLOTNICK
    1010 Second Avenue, Suite 1750
14  San Diego, CA 92101

*Attorneys for Plaintiff Steven Morrow*

15  Jeffrey R. Krinsk
    FINKELSTEIN & KRINSK LLP
16  501 West Broadway, Suite 1250
    San Diego, CA 92101
17

*Attorneys for Plaintiff Gin Hoy Hom*

18  Brian J. Robbins
    Marc M. Umeda
    ROBBINS UMEDA & FINK, LLP
19  610 West Ash Street, Suite 1800
    San Diego, CA 92101-3350
20  Tel:   619-525-3990
    Fax:   619-525-3991
21

*Attorneys for Plaintiffs Kent Haubein,
and Lawrence A. Oberkerfell*

22  John G. Emerson
    Scott Poynter
    EMERSON POYTNER, LLP
23  2228 Cottondale Avenue, Suite 100
    Little Rock, AR 72202
24  Tel:  501-907-2555
    Fax:  501-907-2556
25

*Attorneys for Plaintiffs Thomas Zach*

26  Gretchen M. Nelson
    KREINDLER & KREINDLER LLP
    707 Wilshire Blvd., Suite 5070
27  Los Angeles, CA 90017
    Tel:  213-622-6469
28  Fax:  213-622-6019

*Attorneys for Plaintiffs Ada Isabel
Osorio*

Case No. 03cv2223
Proof of Service

1

2   William B. Federman                    *Attorneys for Plaintiffs Ada Isabel*
    Stuart W. Emmons                       *Osorio*
3   FEDERMAN & SHERWOOD
    120 N. Robinson, Suite 2720
4   Oklahoma City, OK 73102
    Tel:  405-235-1560
5   Fax:  405-239-2112

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28